# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>JESSICA SALAZAR,<br><br>　　　　　　　Defendant. | Case No. 22-cr-02208-BAS-1<br><br>**ORDER:**<br><br>(1) **GRANTING MOTION FOR LEAVE TO CHANGE MAILING ADDRESS (ECF No. 103); AND**<br><br>(2) **DENYING MOTION FOR HOME CONFINEMENT IN LIEU OF IMPRISONMENT (ECF No. 102)** |

　　　Presently before the Court are two motions from Defendant Jessica Salazar. Defendant is self-represented. First, she moves to change her mailing address. (ECF No. 103.) The Court **GRANTS** the request. <u>The Clerk of the Court shall update Defendant's mailing address to the Phoenix, Arizona, address provided in ECF No. 103.</u>

　　　Second, Defendant moves for home confinement in lieu of imprisonment. (ECF No. 102.) This motion is unpersuasive for two reasons. First, according to the Government's records, Defendant is already being managed by a Residential Reentry Management field office in Phoenix. Second, this Court lacks the authority to order a transfer to home

1  confinement supervised by the Bureau of Prisons ("BOP"). *See, e.g.*, *Crum v. Blanckensee*,
2  No. CV 20-3664-DOC (JEM), 2020 WL 3057799, at *2 (C.D. Cal. June 8, 2020)
3  ("Congress gave the Attorney General, and by designation the BOP, exclusive authority to
4  determine custody placements including home confinement." (citing *Reeb v. Thomas*, 636
5  F.3d 1224, 1226–28 (9th Cir. 2011))). Hence, the Court **DENIES** the motion for home
6  confinement. (ECF No. 102.)

   **IT IS SO ORDERED.**

9  **DATED: July 14, 2025**

   *[signature]*
   **Hon. Cynthia Bashant, Chief Judge**
   **United States District Court**